UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-53392-mbm

**LYNN ANN FARRAR,**  Chapter 7

    Debtor.  Hon. Marci B. McIvor
_____/

## MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(2) and (b)(3). A proposed Order is attached.

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on August 19, 2014.

3. The Debtor's obligations are primarily consumer debts.

4. The Debtor scheduled nonpriority unsecured debt of $51,637.00.

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

5. The Debtor's Schedule I lists net monthly income of $6,468.50.

6. The Debtor's Schedule J lists monthly expenses of $7,338.00.

7. As scheduled, the Debtor has a monthly deficit of $869.50.

8. With such a monthly deficit, it is hard to conclude the Schedules are accurate. They suggest that the Debtor will be several thousand dollars in debt by the time this Bankruptcy case concludes.

9. The Debtor's Schedule I lists a voluntary contribution for retirement plans of $433.33 per month. The Debtor is effectively paying herself and these funds could be made available to pay to creditors.

10. The Debtor's Schedule I also lists repayment of a retirement fund loan in the amount of $193.72 per month. The Debtor is effectively paying back a loan to herself and these funds could be made available to pay unsecured creditors.

11. The Debtor's Schedule I lists the following dependents living with her:

    a. a 25-year old stepson;

    b. a 27-year old stepdaughter;

    c. a 19-year old godson;

    d. a 4-year old granddaughter; and

    e. a 5-year old grandson.

12. All of these dependents, are listed with no income to assist with the household expenses.

13. The Debtor's adult dependents should not be included in the household expenses as the Debtor should be repaying their creditors, not supporting adults.

14. In addition, the Debtor's Schedule J list expenses which exceed what is reasonable and necessary for their support. They include;

    a. $368.00 for telephone, cell phone, internet, satellite and cable services;

    b. $1,600.00 for food and housekeeping supplies;

    c. $340.00 for clothing, laundry and dry cleaning;

    d. $75.00 for contingency; and

    e. 3 separate automobile payments of $311.00, $386.00, $250.00.

15. A reduction of the Debtor's monthly expenses could allow for funds available to pay creditors.

16. On the basis of the foregoing, the Debtor's case is an abuse of the provisions of Chapter 7, and should be dismissed.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

> Respectfully submitted,
>
> **DANIEL M. McDERMOTT**
> **UNITED STATES TRUSTEE**
> Region 9
>
> By  /s/ Leslie K. Berg
> Leslie.K.Berg@usdoj.gov
> Trial Attorney
> Office of the U.S. Trustee
> 211 West Fort St - Suite 700
> Detroit, Michigan 48226
> (313) 226-7950

Dated: November 17, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                               Case No. 14-53392-mbm

**LYNN ANN FARRAR,**                          Chapter 7

           Debtor.                                   Hon. Marci B. McIvor
_____/

**ORDER DISMISSING CHAPTER 7 CASE**

      **THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b)(3) of the Bankruptcy Code.

      The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

      **IT IS ORDERED** that above-captioned case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-53392-mbm

**LYNN ANN FARRAR,**  Chapter 7

     Debtor.  Hon. Marci B. McIvor
_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

The United States Trustee has filed papers with the court to dismiss the above entitled case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

    U.S. Bankruptcy Court
    211 West Fort Street
    Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:     Leslie K. Berg
                                     Office of the United States Trustee
                                     211 West Fort Street, Suite 700
                                     Detroit, MI 48226

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                                 **DANIEL M. McDERMOTT**
                                                                 **UNITED STATES TRUSTEE**
                                                                  Region 9

                    By     /s/ Leslie K. Berg
                           Leslie.K.Berg@usdoj.gov
                           Trial Attorney
                           Office of the U.S. Trustee
                           211 West Fort St - Suite 700
                           Detroit, Michigan 48226
                           (313) 226-7950

Dated: November 17, 2014

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 14-53392-mbm

**LYNN ANN FARRAR,**                    Chapter 7

       Debtor.                                 Hon. Marci B. McIvor

_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)**

**Dismissal Under 11 U.S.C. § 707(b)(3)**

If the presumption of abuse does not arise or is rebutted, this Court may nevertheless dismiss Debtor's case if the totality of the circumstances of Debtor's financial situation demonstrates abuse.

> Section 707(b)(3) provides:
>
> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> > (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the

integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Voluntary Contributions and Loan Repayments to a Retirement Account May Constitute Abuse Under Chapter 7**

The Debtor lists voluntary retirement contributions of $433.33 per month. While pension repayments and voluntary contributions cannot be considered disposable income in a chapter 13 case (11 U.S.C. § 1322(f)), the repayment of such loans and contributions should be taken into consideration when assessing a debtor's ability to repay her debts under § 707(b). *See, i.e.*, *In re Bender*, 373 B.R. 25 (Bankr. E.D. Mich. 2007) and, *In re Carney*, 2007 WL 4287855 (Bankr. N.D. Ohio). Contributions to the Debtor's 401k should be considered disposable income available for the payment of claims. See, *In re Zaporski*, 366 B.R. 758,771 (Bankr. E.D. Mich. 2007) (Where the Court considered the debtor's ability to pay creditors after the 401(k) loans were paid off during the 60 month period.). See also, *In re Vansickel*, 309 B.R. 189, 203 (Bankr. E.D. Va. 2004) (finding that the Debtor's 401(k) contributions to himself at the expense of creditors was unreasonable and excessive). The Bankruptcy Court further stated, "In the context of 707(b) determination, such payments must be treated as disposable, available income for purposes of evaluating whether the debtor has the ability to repay his creditors."). See, *In re Zaporski*, 366 B.R. 758 ( Bankr. E.D. Mich. 2007).

The Debtor's attempt to obtain relief under Chapter 7 while making retirement loan repayments to himself constitutes an abuse of the provisions of Chapter 7. *In re Krohn*, 886

2

F.2d 123, 126 (6th Cir.1989). More recent decisions make it clear that in the context of a § 707(b)(3) motion to dismiss, a debtor's voluntary contributions to retirement accounts may properly be considered notwithstanding (BAPCPA's) changes to treatment of certain retirement contributions and loan repayments as disposable income in Chapter 13 plan. Courts have continued evaluating such contributions and loan repayments as part of the totality of the circumstances under § 707(b) (3) (B). *In re Hilmes*, 438 B.R. 897 (N.D. Tex. 2010), *In re Bender*, 373 B.R. 25, 110 (Bankr. E.D. Mich. 2007)(McIvor, J.), *In re Carney*, 2007 WL 4287855 (Bankr. N.D. Ohio) and the cases cited therein.

**Support for Adult Dependents**

A debtor's extensive support for an adult child to the detriment of their creditors is abusive. See *In re Beckerman,* 381 B.R. 841 (Bankr. E.D. Mich. 2008); *In re Pfahler,* 2007 WL 2156401 (Bankr. N.D. Ohio 2007); *In re Siemen,* 294 B.R. 276 (Bankr. E.D. Mich. 2003) and the cases cited therein.

The Debtor's attempt to obtain relief under Chapter 7 while continuing her excessive spending, and lack of belt tightening, constitutes an abuse of the provisions of Chapter 7. *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

The granting of relief to the Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

3

## CONCLUSION

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

                              Respectfully submitted,

                              **DANIEL M. McDERMOTT**
                              **UNITED STATES TRUSTEE**
                              Region 9

                By     /s/ Leslie K. Berg
                          Leslie.K.Berg@usdoj.gov
                          Trial Attorney
                          Office of the U.S. Trustee
                          211 West Fort St - Suite 700
                          Detroit, Michigan 48226
                          (313) 226-7950

Dated: November 17, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 14-53392-mbm

**LYNN ANN FARRAR,**  Chapter 7

    Debtor.  Hon. Marci B. McIvor
_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2014, I served copies as follows:

1. Documents Served: *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2. Served Upon: Lynn Ann Farrar
16321 McCann
Southgate MI 48195

3. Method of Service: First Class Mail

        **DANIEL M. McDERMOTT**
        **UNITED STATES TRUSTEE**
        Region 9

    By: /s/ Karen Riggs
        Karen.Riggs@usdoj.gov
        Paralegal Specialist
        Office of the U.S. Trustee
        211 West Fort Street - Suite 700
        Detroit, Michigan 48226
        313.226.7259

Dated: November 17, 2014